## In re JEHU et al.

### (District Court, N. D. Iowa.   June 13, 1899.)

1. BANKRUPTCY—VOLUNTARY PETITION—OPPOSITION BY CREDITORS.
    The bankruptcy act of 1898 does not authorize creditors of a proposed voluntary bankrupt to file answers in opposition to his petition for adjudication.

2. SAME—EXAMINATION OF BANKRUPT—WHO ENTITLED TO DEMAND.
    Any person who shows that he is actually a creditor of the bankrupt, by his being named as a creditor in the bankrupt's schedule, or by other evidence satisfactory to the referee, is entitled to an order for the examination of the bankrupt, although he has not formally proved his claim.

In Bankruptcy.   Submitted on certificate from William A. Ladd, referee in bankruptcy.

Crim & Penn, for bankrupts.
J. G. Myerly and J. W. Corry, for creditors.

SHIRAS, District Judge.   I know of no provision of the bankrupt act which authorizes creditors to file answers to a voluntary petition in bankruptcy, such as were filed in this case; and, viewing the papers in that light, the order of the referee is affirmed. On the other hand, I know of no provision of the bankrupt act which requires that a creditor must file and prove up his claim before he is entitled to an order for the examination of the bankrupt.   Before granting an order for the examination of a bankrupt, the referee should be satisfied that the party applying for the order is in fact a creditor of the bankrupt; but, if this fact be shown, no good reason exists why the examination should not be had, even though the creditor may not have proved his claim in set form.   Thus, in this case, if it appears that Kingman & Co. are named as creditors in the schedules attached to the petition in bankruptcy, I see no good purpose to be served in compelling them to go to the expense of proving up their claim, as a condition precedent to the exercise of their right to examine the bankrupt. In this case the schedules filed by the bankrupt do not disclose any assets, and so far no trustee has been appointed.   Unless assets are discovered, no dividend will be made, and the creditors may properly decline to incur the expense of proving their claims until it appears that some good will result from so doing.   If the purpose of the creditors who filed the answers stricken from the files was to obtain an order for the examination of the bankrupt, they should be accorded leave to renew the application in proper form, which may be done through an attorney appearing for them.