### In re GLOBE SEC. CO.

#### (District Court, S. D. New York. May 2, 1904.)

**1. BANKRUPTCY—CORPORATIONS—PETITIONS IN DIFFERENT DISTRICTS.**

A corporation is an individual within the meaning of general orders in bankruptcy No. 6 (89 Fed. v), providing that, in case two or more petitions shall be filed against the same individual in different districts, the first hearing shall be had in the district where the debtor has his domicile; and under such rule, where two petitions are filed against a corporation, one in the state by which it was incorporated and one in the district where it does business, proceedings in the latter district will be stayed until a hearing has been had in the court of the domicile, leaving it to such court to determine under the provisions of Bankr. Act July 1, 1898, c. 541, § 32, 30 Stat. 554 [U. S. Comp. St. 1901, p. 3434], in which court the case can be proceeded with for the greatest convenience of the parties in interest.

In Bankruptcy. On motion for stay of proceedings.

Potts & Higgins, for the motion.
Myers & Goldsmith, opposed.

HOLT, District Judge. This is a motion to stay proceedings in this case. On the morning of April 18th two distinct petitions in involuntary bankruptcy were filed by separate creditors—one in the United States District Court for the District of New Jersey, and one in this court—against the Globe Security Company, a corporation organized under the laws of New Jersey, doing business in the city of New York. The second section of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 545 [U. S. Comp. St. 1901, p. 3420]) authorizes petitions in bankruptcy to be filed in the district where the alleged bankrupts had their principal place of business, resided, or had their domicile for the preceding six months, or the greater portion thereof. When, therefore, a bankrupt resides in one district, and does business in another, the courts of each district have concurrent jurisdiction; and in the case of a partnership, where different members of the firm reside in different districts, several courts may have concurrent jurisdiction. The sixth bankruptcy rule (89 Fed. v) provides that in case two or more petitions shall be filed against the same individual in different districts the first hearing shall be had in the district where the debtor has his domicile, and in case two or more petitions shall be filed in different

districts by different members of the same partnership for an adjudication of the bankruptcy of said partnership the court in which the petition is first filed, having jurisdiction, shall take jurisdiction over all proceedings in such bankruptcy until the same shall be closed. The rule further provides that the court so retaining jurisdiction shall, if satisfied that it is for the greatest convenience of parties in interest that another of said courts should proceed with the cases, order them to be transferred to that court. I think, under this rule, that a corporation is to be held to be an individual; that a corporation is presumed to have its domicile in the state which created it; and that, therefore, the first hearing in this matter should be had in the district of New Jersey. Any questions relating to the convenience of parties in interest should be heard and decided by the District Court in New Jersey.

The motion is therefore granted. The order should be settled on notice.