### In re UNITED BUTTON CO.

#### (District Court, S. D. New York. August 30, 1904.)

1. BANKRUPTCY—PROCEEDINGS IN DIFFERENT DISTRICTS—PRIORITY OF JURISDICTION.

Under Bankr. Act July 1, 1898, c. 541, § 32, 30 Stat. 554 [U. S. Comp. St. 1901, p. 3434], and general order in bankruptcy No. 6, construed together, both relating to cases where petitions are filed against a debtor in different districts, where a petition was first filed against a corporation in the district of its domicile, which was followed by a prompt adjudication thereon, before a hearing on petitions filed in the meantime in other districts, the court of the domicile acquired exclusive jurisdiction over all proceedings in the case, and the courts in other districts will stay the proceedings therein.

2. SAME—CORPORATIONS.

In general order in bankruptcy No. 6 (89 Fed. v, 32 C. C. A. ix), prescribing the procedure "in case two or more petitions shall be filed against the same individual in different districts," and in case of two or more petitions against the same partnership in different districts, the word "individual" is used in the sense and is descriptive of a single person incapable of division, and includes a corporation.

In Bankruptcy. On involuntary petition.

Latson & Bonynge, for petitioning creditors and receiver.

James, Schell & Elkus and Bowers & Sands, for other creditors.

THOMAS, District Judge. The bankrupt, a corporation organized under the laws of the state of Delaware, had its actual residence in the city of New York, where it administered its business and disposed of its product, with a branch sales office in the city of Chicago. The product was manufactured in the state of Massachusetts. On August 4, 1904, a petition in bankruptcy was filed against it in the District of Delaware, where, on August 10th, adjudication of bankruptcy was had and the Security Trust & Safe Deposit Company of Delaware, also a trustee under a mortgage covering important portions of the bankrupt's property, was appointed receiver by the referee. On August 6th a petition was filed in the Southern District of New York, and Peter Alexander, of the city of New York, was appointed receiver of the bankrupt's property. He duly qualified on that date, took and now has possession of such property. At later dates ancillary orders appointing Alexander

receiver were entered by the District Courts of Massachusetts and Illinois. On August 13, 1904, a petition was filed against the bankrupt in the District Court of Massachusetts, and an adjudication for a receiver made, which is yet pending. The question for decision is whether this court shall relinquish jurisdiction to one of the other courts named. Bankr. Act July 1, 1898, c. 541, § 32, 30 Stat. 554 [U. S. Comp. St. 1901, p. 3434], provides:

"In the event petitions are filed against the same person or against different members of a partnership in different courts of bankruptcy, each of which has jurisdiction, the cases shall be transferred, by order of the courts relinquishing jurisdiction, to and be consolidated by the one of such courts which can proceed with the same for the greatest convenience of parties in interest."

This section contemplates that only the "greatest convenience of parties in interest" shall be consulted in determining whether jurisdiction shall be relinquished. If this section governs, certainly upon the present record jurisdiction should not be relinquished in favor of the District Court of Delaware, and, as it is thought, the court of the district of Massachusetts' could not proceed with the case with greater convenience of the parties in interest. But general order 6 (89 Fed. v, 32 C. C. A. ix) provides:

"In case two or more petitions shall be filed against the same individual in different districts, the first hearing shall be had in the district in which the debtor has his domicile, and the petition may be amended by inserting an allegation of an act of bankruptcy committed at an earlier date than that first alleged, if such earlier act is charged in either of the other petitions; and in case of two or more petitions against the same partnership in different courts, each having jurisdiction over the case, the petition first filed shall be first heard, and may be amended by the insertion of an allegation of an earlier act of bankruptcy than that first alleged, if such earlier act is charged in either of the other petitions; and, in either case, the proceedings upon the other petitions may be stayed until an adjudication is made upon the petition first heard; and the court which makes the first adjudication of bankruptcy shall retain jurisdiction over all proceedings therein until the same shall be closed. In case two or more petitions shall be filed in different districts by different members of the same partnership for an adjudication of the bankruptcy of said partnership, the court in which the petition is first filed, having jurisdiction, shall take and retain jurisdiction over all proceedings in such bankruptcy until the same shall be closed; and if such petitions shall be filed in the same district, action shall be first had upon the one first filed. But the court so retaining jurisdiction shall, if satisfied that it is for the greatest convenience of parties in interest that another of said courts should proceed with the cases, order them to be transferred to that court."

By this general order the rule is that in the case of petitions against an individual the first hearing shall be in the district of the domicile, while in the case of petitions filed against a partnership that first filed shall have priority of hearing, and that the court acquiring the whole jurisdiction shall determine whether the greater convenience of parties requires that one of the other courts should proceed with the cases. The order further provides that priority of adjudication in one of the courts enables it to "retain jurisdiction over all proceedings therein until the same shall be closed." It will be observed that section 32 commands that a transfer of proceedings shall be conditional upon the convenience of parties, while the general order directs that the location of the domicile, or, in the case of a partnership, priority of filing the peti-

tion, shall govern priority of hearing. But priority of hearing is followed by priority of adjudication, and this results in power of exclusive administration, unless jurisdiction be relinquished. But the petitioners in the preferred district must be diligent, for, if there be an adjudication in any other district, jurisdiction therein to administer the estate is obtained. In the present case the petitioners in Delaware were diligent. The first petition was filed there on August 4th, at 9:30 o'clock a. m. An order was entered directing the subpœna and order thereon to show cause to issue returnable forthwith. The marshal served the same on the same day, and on August 10th adjudication was had. With what observance of Bankr. Act July 1, 1898, c. 541, § 186, 30 Stat. 551 [U. S. Comp. St. 1901, p. 3429], the adjudication was made is not understood. But Judge Holt has decided (in Matter of The Globe Security Company, 132 Fed. 709) that under such facts as are now presented the jurisdiction of the Delaware court should be preferred, and this conclusion is aided by the decision rendered in Matter of Elmira Steel Company (D. C.) 109 Fed. 456. This decision of Judge Holt should be followed, not only because it establishes the law for this court, but also because upon independent consideration it is found to be a correct construction of section 32 and general order 6 (89 Fed. v, 32 C. C. A. ix), although the question is not free from doubt. There is an apparent conflict between the section and the general order, and, if they cannot stand, the general order must yield to the statute. It is probable that the Supreme Court could provide for priority of hearing and for the effect of priority of adjudication, although it might not make the transfer of a case from one district to another dependent upon any other consideration than the convenience of the parties.

But it is urged that a corporation is not an individual within the meaning of general order 6, and it is pointed out that the act itself makes the word "persons" inclusive of corporation. The word "persons" might have been used in the first clause of the sentence, and cases of partnership have been excepted therefrom in an auxiliary clause. But the Supreme Court wished to draw a distinction between a single entity, that could act or be acted against as an individual person, and a co-partnership, any one of whose partners could file a petition, or against any one of whose partners a petition could be filed. A corporation acts individually as a unit, although its conduct is directed by individuals acting together. In the same way suits, actions, and proceedings against a corporation are instituted against it as an inseparable whole. If it takes affirmative legal action, it acts as an entity. If the court affords relief against it, demanding payment of money, it alone, and not also those who own it, are liable for such payment; and in bankruptcy its liabilities cannot be extended to its members. But, while a partnership is an entity, each partner may act and speak for it within recognized limits, may institute actions and proceedings against it, and, as its representative, or as embodying it, may be proceeded against. So "the court of bankruptcy which has jurisdiction of one of the partners may have jurisdiction of all of the partners and of the administration of the partnership and individual property." Act July 1, 1898, c. 541, § 5c, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3424]. This quality of measurable divisibility and conjunction of individual and copartner-

ship liability differentiates partnerships from other "persons" as that term is used in the act. General order 6 (89 Fed. v, 32 C. C. A. ix) marks the distinction. There is a single statement in the act that causes some hesitation in reaching the conclusion that the word "individual" comprehends corporations. The word "individual," as relating to a class, is peculiar to this order, except as it is used in Bankr. Act July 1, 1898, c. 541, § 1, subd. 6, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3419], where it is provided that "corporations" shall mean all bodies having any of the powers and privileges of private corporations not possessed by individuals or partnerships." Here is the statement that a corporation is something larger in capacities than an individual, and, if general order 6 (89 Fed. v, 32 C. C. A. ix) uses the word "individual" in the sense in which it is employed in the sentence quoted, it is too limited to cover corporations. In such case no provision is made for corporations, and it alone is left to be governed by section 32, or by general principles. It is thought that the word "individual" as a substantive does not appear in the act save as above, and no attempt is there made to give it a technical meaning for the purpose of the act. It is considered that the Supreme Court used the word "individual" in the sense and as descriptive of a single person, incapable of division. It is a usual and correct statement that a corporation is by law enabled to act as a single person; that it is endowed with capacity to transact business as an individual. While the use of the word cannot be regarded as fortunate for the purpose of clear expression, if the intent was to include corporations, yet it is concluded with some reluctance that such was the intent. It is of the greatest importance that the bankruptcy act should be administered with the utmost harmony as regards the several district courts, and that each of such courts should concede freely what is due to a particular court which has acquired jurisdiction and first undertaken the administration of a bankrupt's estate. Priority of jurisdiction should carry the right of administration, at least where it is followed by priority of adjudication, and, aside from the compulsion of general order 6, such rule would prevail. If corporations be not provided for in the rule (general order 6), then priority in filing the petition should determine the court wherein administration should proceed, and in the present instance there is both priority in such regard as well as priority of adjudication in the Delaware district. The District Court of Delaware first took jurisdiction. It adjudicated the corporation bankrupt. It is the court within the district of the domicile. These facts severally vest it with exclusive jurisdiction to proceed with the administration. In the Matter of Elmira Steel Company (D. C.) 109 Fed. 456, Judge Hazel approved of the decision and opinion of the referee that priority in obtaining jurisdiction vested the court with exclusive jurisdiction; and the decision went much further than is necessary for disposition of the case at bar. However, it may be difficult to understand how a corporation or any other person once adjudged a bankrupt by a competent court, whatever the relative date of filing the petition, can again be decreed a bankrupt by a court in a proceeding not ancillary. When a competent court has adjudged that judgment is final as to the bankrupt and his creditors, another court cannot superimpose in an independent judgment in a

separate proceeding; otherwise the judgment would not be an estoppel.

These views lead to the conclusion that the proceedings in this court should be stayed, and that the corporation appointed receiver in the Delaware district should be appointed ancillary receiver in this district, and that the receiver heretofore appointed in those proceedings should transfer to such other receiver all property of the bankrupt within his control upon payment of all expenses of administration in this district so far as it has proceeded.