### In re TULLY.

(District Court, E. D. New York. November 2, 1907.)

BANKRUPTCY—DISMISSAL OF PROCEEDINGS—JURISDICTIONAL DEFECTS.

Bankr. Act July 1, 1898, c. 541, § 2 (1), 30 Stat. 546 [U. S. Comp. St. 1901, p. 3421], which confers on the District Courts jurisdiction to adjudge persons bankrupt "who have had their principal place of business, resided or had their domicile within their respective territorial jurisdictions for the preceding six months or the greater portion thereof," re-

lates to the time of the adjudication, and not to the time of the filing of the petition; and, where an order of adjudication has been entered without objection on a voluntary petition alleging the petitioner's residence within the district, and the court has proceeded to administer the estate, the proceeding will not be dismissed on motion of a judgment creditor, made more than three months after the adjudication, on the ground that at that time the bankrupt had not resided in the district for the required length of time, if the petition appears to have been filed in good faith and the bankrupt is still a resident of the district, but in such case the order of adjudication will be set aside and a new one entered as of a later date.

In Bankruptcy. On motion to dismiss proceedings.

Charles L. Hoffman, for bankrupt.

Frederick D. W. Searing, for judgment creditor.

CHATFIELD, District Judge. The Constitution of the United States (article 1, § 8) provides that:

"The Congress shall have power to establish * * * uniform laws on the subject of bankruptcies throughout the United States."

By virtue of the authority contained in this section, Congress conferred upon the District Courts of the United States original jurisdiction in their respective districts in all matters and proceedings in bankruptcy. This general jurisdiction is set forth in section 563, subd. 18, Rev. St. [U. S. Comp. St. 1901, p. 459]. In 1867, by chapter 176 of the Laws of that year (Act March 2, 1867, c. 176, 14 Stat. 517), subsequently set forth and published as section 5014 of the Revised Statutes of the United States, Congress defined the jurisdiction of the District Courts in bankruptcy by the use of the following language:

"If any person residing within the jurisdiction of the United States, and owing debts provable in bankruptcy exceeding the amount of three hundred dollars, shall apply by petition addressed to the judge of the judicial district in which such debtor has resided or carried on business for the six months next preceding the time of filing such petition, or for the longest period during such six months, setting forth his place of residence, * * * such petitioner shall be adjudged a bankrupt."

This was the law until the enactment of the repealing act of June 7, 1878 (20 Stat. c. 160). On July 1, 1898, the jurisdiction of the District Courts in bankruptcy was defined anew by chapter 541 of the Laws of 1898 (30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]), and the scope of the court's power specifically stated, in the following language:

Chapter 1, subd. 7: " 'Court' shall mean the court of bankruptcy in which the proceedings are pending."

Chapter 1, subd. 20: " 'Petition' shall mean a paper filed in a court of bankruptcy or with a clerk or deputy clerk."

Chapter 2, § 2: "That the courts of bankruptcy as hereinbefore defined, viz, the District Courts of the United States * * * are hereby made courts of bankruptcy, and are hereby invested * * * with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings, * * * to (1) adjudge persons bankrupt who have had their principal place of business, resided, or had their domicile within their respective territorial jurisdictions for the preceding six months, or the greater portion thereof, or who do not have their principal place of business, reside, or have their domicile within the United States, but have property with-

in their jurisdictions, or who have been adjudged bankrupts by courts of competent jurisdiction without the United States and have property within their jurisdictions."

The subsequent subdivisions of section 2 of chapter 2, specifically set forth the different matters within the scope of bankruptcy jurisdiction in the course of a bankruptcy proceeding, and the section closes with the general language:

"Nothing in this section contained shall be construed to deprive a court of bankruptcy of any power it would possess were certain specific powers not herein enumerated."

With this statement of the language of the statutes, let us consider the facts of this particular case. Objection has been made to the discharge of the voluntary bankrupt, upon the ground that the District Court of the United States in the Eastern District of New York has no jurisdiction over the said bankrupt, nor her petition, inasmuch as she had not resided within the said Eastern District of New York for the greater portion of the six months immediately preceding the time of filing her petition; it being undisputed that at the time of filing the petition she was actually domiciled in and a resident of this district. The bankrupt filed a voluntary petition in the District Court of this district upon the 18th day of July, 1907. At that time the bankrupt was residing in Richmond county, within this district, and had been a resident of that county since the 1st day of July, 1907, upon which day she had removed from the borough of Manhattan, which is in the Southern District of New York. The bankrupt applied for a discharge, and thereupon a creditor who had previously obtained a judgment in one of the Municipal Courts in the borough of Manhattan, and was proceeding against the bankrupt in supplementary proceedings at the time of the filing of the petition in bankruptcy, moved to have the discharge refused and the proceedings dismissed, upon the ground, as stated above, that the bankrupt was a resident and had a domicile within the United States, but had not resided or had a domicile within the Eastern District of New York for the greater portion of the six months immediately preceding the filing of the petition in bankruptcy. These facts are admitted by the answering affidavits, and the sole question is whether the United States District Court for the Eastern District of New York upon the 18th day of July, 1907, had any jurisdiction whatever over the person or property of Alice Lee Tully, the bankrupt, by reason of the petition in bankruptcy which she had filed upon that day in the district in which she then resided. The bankrupt has had no place of business within the Eastern District of New York during any of the time under discussion. She had had a domicile in the Eastern District of New York for three weeks prior to the filing of the petition, and there seems to be no evidence offered, nor any claim made, to a residence in the Eastern District of New York for any longer period. The petition of the bankrupt contains the following recital:

"The petition of Alice Lee Tully, of New York City, in the county of Richmond and district and state of New York, no occupation, respectfully represents that she has resided, or has had her domicile, for the greater portion of six months next immediately preceding the filing of this petition, at 20 Merse-

reau Ave., Port Richmond, Staten Island, within said judicial district, having in part of that time resided in the county and city of New York."

Upon the filing of this petition by a resident of the district, the court obtained jurisdiction over the bankrupt and over her property. This jurisdiction having been acquired, the court had a right to adjudicate upon the facts appearing. Having adjudicated, parties to the proceedings are estopped from attacking the correctness of that adjudication collaterally. In re First Nat. Bank, 152 Fed. 64, 81 C. C. A. 260.

But in the present instance the motion is in effect to set aside the adjudication, rather than to challenge the result thereof, and therefore the matter will be considered upon its merits. The limitation of section 1, c. 2, is particularly applicable to involuntary proceedings, wherein creditors might seek to file a petition against a bankrupt in some other district than that in which a business had been conducted, and at a time before the bankrupt had obtained a six months' domicile or residence in the new neighborhood. The section is also applicable to the case of a bankrupt who by the filing of a voluntary petition, and obtaining an adjudication in a district to which he has recently removed, and wherein he is not known, endeavors to take advantage of the bankruptcy statute, and cause annoyance and trouble to his creditors. But the provisions of section 1, c. 2, relate not to the filing of a petition, but merely to the order of adjudication, and the intent of the section is apparently that no adjudication can be had where three months have not elapsed, either as a place of residence, domicile, or business, prior to the adjudication. The form provided by the orders of the Supreme Court in bankruptcy proceedings contains a recital as to the residence of the bankrupt during this statutory period. If the petition shows that the bankrupt has not resided within the district, in the case of a voluntary bankruptcy, for the greater portion of the necessary six months, or if the issue is raised by any creditor, the court can refuse to adjudicate, and dismiss the proceedings, if satisfied that fraud exists, or that the petitioner is misleading the court, intentionally or through ignorance. Section 18, subd. "g," provides that:

"Upon the filing of a voluntary petition the judge shall hear the petition and make the adjudication or dismiss the petition."

If the adjudication were withheld until the statutory period had expired, creditors could within that time begin involuntary proceedings in any appropriate district, and, as between the different proceedings, the court could determine in which one the rights of the parties could best be preserved. Act July 1, 1898, c. 541, § 32, 30 Stat. 554 [U. S. Comp. St. 1901, p. 3431]. But it would be a hardship which certainly no court would allow, unless it is without jurisdiction to prevent, for a creditor, as in the case at bar, to conceal from the court the defect in the allegation of residence, to stand by and allow proceedings to go on before the referee, and then, when the estate has been administered and the matter progressed to the point where the bankrupt applied for a discharge, successfully nullify the proceeding to which he has been a party, and cause the bankrupt the expense of an additional proceeding, where no end would apparently be accomplished except harassing the bankrupt. A new proceeding

could now be brought nowhere but in this district, and no advantage would result. If there was any willful concealment of material facts by the bankrupt, that should be taken into account in considering an application for a discharge, but the bankruptcy proceedings should not be dismissed, when jurisdiction actually attached.

The order of adjudication will be vacated and set aside, inasmuch as it was granted within the period of three months after the bankrupt took up her residence in this district, and the clerk of the court will be directed to enter a second order of adjudication nunc pro tunc as of October 2, 1907, upon proper application.