## In re ISAACSON.

### (District Court, E. D. New York. April 29, 1908.)

1. BANKRUPTCY—PROCEEDINGS IN DIFFERENT DISTRICTS—TRANSFER AND CONSOLIDATION.

   General Orders in Bankruptcy No. 6 (32 C. C. A. v), which provides that in case two or more petitions shall be filed against the same individual in different districts the first hearing shall be had in the district in which the debtor had his domicile, and that the court which makes the first adjudication shall retain jurisdiction over all proceedings until the same shall be closed, is subject to the provisions of Bankr. Act July 1, 1898, c. 541, § 32, 30 Stat. 554 (U. S. Comp. St. 1901, p. 3434), which in such case authorizes a transfer and consolidation of the proceedings in the court which can proceed therein with greatest convenience to the parties in interest.

2. SAME—"DISTRICT OF HIS DOMICILE."

   Where two petitions in bankruptcy have been filed against the same individual, one in the district in which the alleged bankrupt has resided during the greater part of the preceding six months and the other in a district into which he has recently removed and established his residence, the former is the "district of his domicile," within the meaning of General Orders No. 6 (32 C. C. A. v), in which the first hearing should be had unless the case is transferred for convenience of parties under the provisions of Bankr. Act July 1, 1898, c. 541, § 32, 30 Stat. 554 (U. S. Comp. St. 1901, p. 3434).

In Bankruptcy. On motion to transfer proceedings.

H. & J. J. Lesser, for receiver.

James, Schell & Elkus (Robert P. Levis, of counsel), for creditors.

Hyman & Campbell, for creditors' committee.

Jacob M. Guedalia, for bankrupt.

CHATFIELD, District Judge. The alleged bankrupt, Samuel D. Isaacson, has resided and had a domicile in the borough of Brooklyn for a number of years, as is shown by his testimony in this proceeding. He has had as well for six or seven years a place of business at No. 22 Manhattan avenue, in that borough, and in the Eastern district of New York. At some time in the month of June, 1907, he opened an office at 565 Broadway, in the borough of Manhattan, in the Southern district of New York, at which he carried on a wholesale business in the same line of goods, silks, woolens, dress goods, etc., as the business conducted in his retail store in Brooklyn. The Brooklyn property consisted of the ground floor of four buildings and the second floor of one of the buildings. The books and general records of the entire business seem to have been kept at the Brooklyn store, and the New York establishment consisted of two office rooms, in one of which certain piece goods were kept for use in the wholesale business. The transactions conducted in the New York office were transferred to the Brooklyn office for record, and the stock

of goods in the Brooklyn store was much greater in value than that in New York. The alleged bankrupt also owned some of the buildings at the Brooklyn address.

The alleged bankrupt testified, upon a hearing held upon March 4, 1908, that he had lived in New York for a period of about 10 days (prior to that time having lived in Brooklyn). Six days before this examination, viz., upon the 27th day of February, 1908, three creditors of Samuel D. Isaacson, the alleged bankrupt, filed an involuntary petition in bankruptcy in the Southern district of New York, and a receiver was appointed. Upon the 4th day of March, 1908, certain creditors filed an answer in the proceeding in the Southern district of New York, denying that the alleged bankrupt had a principal place of business and residence or domicile in the Southern district of New York. The alleged bankrupt, however, appeared by attorney upon the 28th day of February, 1908, and upon the 4th day of March this attorney consented that the bankrupt be adjudicated, and adjudication was thereupon had before the expiration of the period within which creditors might have answered. Motion was subsequently made to vacate the adjudication, and, the motion being granted, a reargument was had. Upon the reargument the court has passed upon the status of the proceeding in the Southern district, and reference will be made to this decision later.

In the Eastern district of New York three creditors, one of whom had been a petitioning creditor in the Southern district, filed an involuntary petition against Isaacson upon the 2d day of March, 1908; and, this petition having been brought to the court's attention, it was deemed unnecessary to appoint a receiver in the Eastern district, inasmuch as the receiver who had already been appointed in the Southern district had taken possession of the bankrupt's property and was presumed to be doing all that should be done to protect the estate. The alleged bankrupt did not consent to the adjudication in the Eastern district of New York, but, through the same attorney who appeared for him in the Southern district, filed an answer denying the allegation of residence and the commission of acts of bankruptcy, and further setting up as a defense the proceedings in the Southern district of New York, in which an adjudication was stated to have been had. The bankrupt verified this answer on the 18th day of March, 1908, before a notary public, and the answer was filed in this court upon that day. Examinations of the bankrupt and of third parties have been had in the Southern district, while an examination of certain third parties has been begun in the Eastern district and is now unfinished, having been stayed pending the hearing of this motion. Several creditors have intervened in each district, and have appeared and been heard upon the motions; but their intervention does not alter the questions which must be considered as to the jurisdiction of the court. The amount and number of these creditors' claims will be considered later with respect to the question of the convenience of parties and witnesses in subsequent hearings.

The bankruptcy law (Act July 1, 1898, c. 541, 30 Stat. 545 [U. S. Comp. St. 1901, p. 3420]) in subchapter 2, § 2, provides:

"That the courts of bankruptcy * * * are hereby invested * * * with such jurisdiction * * * as will enable them to exercise original jurisdiction in bankruptcy proceedings * * * to (1) adjudge persons bankrupt who have had their principal place of business, resided, or had their domicile within their respective territorial jurisdictions for the preceding six months, or the greater portion thereof," and "(19) transfer cases to other courts of bankruptcy."

Section 32 provides that:

"In the event petitions are filed against the same person, * * * in different courts of bankruptcy each of which has jurisdiction, the cases shall be transferred, by order of the courts relinquishing jurisdiction, to and be consolidated by the one of such courts which can proceed with the same for the greatest convenience of parties in interest."

Under authority of section 30 of the same act the Supreme Court of the United States has issued certain general orders, of which General Order 6 applies to the present situation and to the provisions of section 32 above stated. General Order 6 (32 C. C. A. v) is substantially as follows:

"In case two or more petitions shall be filed against the same individual in different districts, the first hearing shall be had in the district in which the debtor has his domicile, * * * and the proceedings upon the other petitions may be stayed until an adjudication is made upon the petition first heard; and the court which makes the first adjudication of bankruptcy shall retain jurisdiction over all proceedings therein until the same shall be closed."

It may be assumed that General Order No. 6 is subject to the provisions of section 32 of the bankruptcy law, and that the case may be transferred and consolidated for the convenience of the parties, if brought within the provisions of section 32, in spite of the direction in the general order that the court first adjudicating shall retain jurisdiction until the proceedings are closed. But, before considering the question of consolidation, it is necessary to refer to the decision of the District Court of the Southern District upon the application to vacate the adjudication had there, and to consider as well the effect of General Order No. 6, as interpreted by that decision, upon the proceedings in both districts, and now before this court on this motion.

The question before the court in the Southern district seems to have been twofold. The first phase of the question was raised by the answer interposed in that district on behalf of the creditors who filed the petition in the Eastern district. In this answer the jurisdiction of the District Court of the Southern District was questioned, and, adjudication having been entered before this issue was determined, the court (assuming that the adjudication should be set aside) took up the second phase of the question, viz., whether the proceedings in the Southern district should be stayed, and a hearing had upon the issues of insolvency raised in the Eastern district, in order that the provisions of rule 6 might be respected. Judge Holt in his decision says that the word "domicile" in rule 6, while grammatically fitting the ten days' habitation of the bankrupt in the Southern district, should, when rival petitions are under consideration, be held to mean the domicile which has existed during the greater portion of the preceding six months. Judge Holt goes on to say that, if the Southern district had no jurisdiction to adjudicate upon the ground of domi-

cile, then the provisions of rule 6, directing a hearing first in the district where domicile existed, require the hearing of the issues in this the Eastern district before other action can be taken. The result of such an application of rule 6 is apparent, and a strict compliance with the later provisions of that rule, to the effect that the court making the first adjudication shall retain jurisdiction until proceedings are closed, would prevent the Southern district of New York from again taking up the proceeding in that district. In fact, an order has been entered upon Judge Holt's decision staying proceedings in the Southern district until a hearing of the issues in this district, and it is impossible to see how the Southern district can reacquire a right to proceed, unless the proceedings in this district are dismissed or the motion to consolidate is granted.

The present motion is in effect for such consolidation, under section 32, which, as has been said, must be held, can be enforced in spite of the apparent prohibition contained in rule 6. While such a motion might be considered premature, in view of the stay and the order vacating the adjudication in the Southern district, it is evident that this court must hear the issues raised by the answer filed in this district, and then proceed to consider the present application, unless for the sake of brevity we consider the application at once. If section 32 can supersede the language of rule 6, this can be done at any time, and the decision of immaterial questions should not be unnecessarily undertaken. But, if the proceedings are to be consolidated, no trial of the issues in this district would be of any service, if it were not that the answer interposed in the Southern district and a change of residence on the part of the bankrupt might entirely defeat the jurisdiction of that court, and it is doubtful whether jurisdiction could be conferred upon the Southern district by the consolidation of a valid proceeding with one subsequently held invalid. This court is, therefore, inclined to agree with Judge Holt that the issues in this district must be determined at once, unless this court should differ with Judge Holt on the points raised. There are, therefore, two matters to be considered. In the first place, was the Eastern district, on February 27, 1908, the place of domicile of the bankrupt, and on that account the proper place for a first hearing of the petition in bankruptcy? Second, does the convenience of witnesses and the interest of the parties require the case to be sent to the Southern district for hearing?

Section 2 of the bankruptcy law has given three grounds for the acquisition of jurisdiction: First, a principal place of business; second, a residence; and, third, a domicile within the district. As has been pointed out by this court in the case of In re Alice Lee Tully, 156 Fed. 634, a court of bankruptcy may acquire jurisdiction over the person of the bankrupt and over the subject-matter of a proceeding, and, if no proceeding be started in a district having a superior right, an adjudication may ultimately be had, even though the bankrupt at the time of filing the petition had not been a resident or had a domicile within the district where the petition is filed for the requisite greater portion of the six months immediately preceding. But, if under those circumstances a petition should be filed in the district where the bankrupt had had such a residence or domicile for more-

than three months, it is considered that the district in which the residence was sufficient would have the superior right. In other words, both districts would have jurisdiction, but only the district in which the residence was sufficient could adjudicate. Rule 6, in the case of a conflict of that sort, should apply to both cases, and there would seem to be no doubt that the interpretation given to that rule by Judge Holt would prevail. If the bankrupt filed a petition in the district in which he had a principal place of business, and another petition should be filed in a district in which he had a residence or domicile, rule 6, again, would require adjudication in the district of the domicile, unless section 32 should be invoked.

In the present case issue has been raised in the Southern district as to whether the place of business in that district is such as was intended by the statute when the phrase "principal place of business" was used. The Southern district, nevertheless, had jurisdiction of the proceeding and of the person of the alleged bankrupt, and ultimately could have adjudicated, unless a superior jurisdiction were acquired in the Eastern district. The Eastern district of New York had jurisdiction upon the filing of the petition, because of the residence and domicile of the alleged bankrupt in this district for the greater portion of the immediately preceding six months, and can adjudicate after a determination of the issue of insolvency. It would, therefore, seem necessary to proceed in this district, unless because of the convenience of the parties the case is to be sent back under section 32. The decision of Judge Holt and of this court will dispose of the issue that the Southern district has a prior proceeding pending, raised by the answer in this district. The consent on the part of the bankrupt to an adjudication in the Southern district will be material evidence in determining his denials of acts of bankruptcy in the proceeding in this district, and the testimony taken in the examinations in the Southern district of New York is on file and available to the creditors.

The largest creditors have asked that jurisdiction be retained in this district. The books of the bankrupt, and the witnesses who were engaged as clerks of the bankrupt in the keeping of those books, are presumably in the Eastern district. The real estate of the bankrupt is located here. His retail business is much greater in extent, so far as its physical aspects are concerned, than the wholesale business conducted in the Broadway office. The convenience of attorneys will not be greatly different in one district than in the other. No prejudice to the interests of the creditors or the bankrupt can be gathered from the affidavits, if the hearings should be held in the Eastern district and the estate administered there, and no sufficient reason is shown why the case should be transferred, under the provisions of section 32.

It may be assumed that this court is reluctant to take up the administration of a case which has apparently been well conducted in the neighboring district, and if the Southern district had been in a position to retain jurisdiction, or to proceed to an adjudication, and if the court in the Southern district had not decided that a hearing should be had here, the logic of the situation itself might have been sufficient to cause the sending of the case to that district for consolida-

tion. But under the form of order entered in the Southern district, whereby the jurisdiction of that district is left undetermined, and whereby a hearing in this district is deemed proper, no course seems to be open, which will not be dangerous as a precedent, than to proceed with the matter in the Eastern district of New York, and to direct that the issues raised by the answer here be immediately brought on for trial.

The motion for consolidation will therefore be denied, without prejudice to a renewal thereof, if the Southern district ever adjudicates, and the necessary showing under section 32 can be made.