In re NEW ERA NOVELTY CO.

(District Court, D. New Jersey.   September 5, 1916.)

1. BANKRUPTCY ⬅16—JURISDICTION OF COURTS—DOMICILE AND PLACE OF
   BUSINESS OF CORPORATION.
   Under Bankr. Act July 1, 1898, c. 541, § 2 (1), 30 Stat. 545 (Comp.
   St. 1916, § 9586), giving courts of bankruptcy jurisdiction to adjudge per-
   sons bankrupt who have had their principal place of business, resided, or
   had their domicile within the respective territorial jurisdictions for the
   preceding six months, both the court of the district in which a corpora-
   tion was organized and that of the district in which it had its principal
   place of business had jurisdiction to adjudicate the corporation a bank-
   rupt.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 20.]

2. BANKRUPTCY ⬅18—JURISDICTION OF COURT—PETITION IN DIFFERENT DIS-
   TRICTS—"INDIVIDUAL."
   Within General Order in Bankruptcy No. 6 (89 Fed. v, 32 C. C. A. 1x)
   providing that, in case two or more petitions shall be filed against the
   same individual in different districts, the first hearing shall be had in
   the district in which the debtor had his domicile, and making different
   provisions for jurisdiction of petitions against partnerships, the word
   "individual" includes corporations, and the rule gives priority of juris-
   diction to the court of domicile, and the former court will relinquish
   jurisdiction to the latter, though the petition was filed in that court be-
   fore it was filed in the court of domicile.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 22.
   For other definitions, see Words and Phrases, First and Second Series,
   Individual.]

3. BANKRUPTCY ⬅18—JURISDICTION OF COURTS—PREFERRED DISTRICT—DILI-
   GENCE.
   The court of the district in which a corporation had its place of busi-
   ness will not relinquish jurisdiction to the court of the corporation's
   domicile, unless the creditors in the latter district acted with diligence.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 22.]

4. BANKRUPTCY ⬅19—JURISDICTION OF COURTS—PREFERRED DISTRICT—CON-
   VENIENCE OF PARTIES.
   Under Bankr. Act, § 32 (Comp. St. 1916, § 9616), providing that, in the
   event petitions are filed against the same person in different courts of
   bankruptcy each of which has jurisdiction, they shall be transferred by
   order of the courts relinquishing jurisdiction to the court which can pro-
   ceed with the same with the greatest convenience of the parties in interest,
   the question of convenience of the parties should be determined by the
   court having preferred jurisdiction.

In Bankruptcy.   In the matter of New Era Novelty Company, a
corporation.   On motion to confirm the report of the special master
retaining jurisdiction in bankruptcy on the ground that the principal
place of business was within the district, though the domicile was in
another district.   Jurisdiction relinquished, unless the district of
domicile transfers jurisdiction because of convenience of the parties.

David Bobker, of Newark, N. J., for petitioning creditors and re-
ceiver.

Archibald Palmer, of New York City, for Condensite Co. of Amer-
ica and others.

DAVIS, District Judge. It appears from the proofs submitted in this case that the bankrupt is a corporation organized and existing under the laws of the state of New York, in the Southern district of New York. The principal place of business of the said corporation is in the city of Newark, within the state and district of New Jersey. The corporation has an office in New York, but has very little property, and does practically no business, there. Practically all the assets of the bankrupt are in the state and district of New Jersey, and nearly all of its business is transacted in the city of Newark, in said state and district; its pay roll amounting to about $350 per week.

On the 7th day of July, 1916, at 10 minutes past 12 o'clock in the afternoon, an involuntary petition in bankruptcy was filed against the defendant corporation in the district of New Jersey, together with consent of the bankrupt to adjudication, and the corporation was on that day adjudicated a bankrupt. On the same day, as appears from the proofs in this case and statements made by counsel, in open court, and within an hour after the petition was filed in the district of New Jersey, an involuntary petition was filed against the defendant in the Southern district of New York by creditors represented by Archibald Palmer, Esq. An order was made by this court setting aside the adjudication for the purpose of allowing some of the New York creditors, represented by Mr. Palmer, to file an answer, and the case was referred to George W. W. Porter, as special master, to take testimony and report upon the question of jurisdiction of this court. The master filed his report on July 25, 1916, wherein he found that this court had jurisdiction; and now motion is made for the confirmation of the master's report.

[1] Section 2 (1) of the Bankruptcy Act provides that the courts of bankruptcy are invested with such jurisdiction at law or in equity as will enable them "to adjudge persons bankrupt who have had their principal place of business, resided, or had their domicile within their respective territorial jurisdictions for the preceding six months, or the greater portion thereof." The United States District Court for the Southern District of New York has jurisdiction, because the corporation had its domicile in that district for six months preceding the filing of the petition in bankruptcy. The United States District Court for the District of New Jersey has jurisdiction, because the corporation had its principal place of business in the district of New Jersey for six months before it was adjudicated a bankrupt by that court. The question before me is the determination of which court, under all circumstances, should have the administration of the estate of the bankrupt, both having jurisdiction. As Judge Thomas said in the Matter of the United Button Co. (D. C.) 12 Am. Bankr. Rep. 766, 132 Fed. 381:

"It is of the greatest importance that the Bankruptcy Act should be administered with the utmost harmony as regards the several District Courts."

[2] General Order in Bankruptcy No. 6 (89 Fed. v, 32 C. C. A. ix) provides:

"In case two or more petitions shall be filed against the same individual in different districts, the first hearing shall be had in the District in which the

debtor has his domicile, * * * and in case of two or more petitions against the same partnership in different courts, each having jurisdiction over the case, the petition first filed shall be first heard, * * * and in either case the proceedings upon the other petition may be stayed until an adjudication is made upon the petition first heard; and the court which makes the first adjudication of bankruptcy shall retain jurisdiction over all proceedings therein until the same shall be closed. In case two or more petitions shall be filed in different districts by different members of the same partnership for an adjudication of the bankruptcy of said partnership, the court in which the petition is first filed, having jurisdiction, shall take and retain jurisdiction over all proceedings in such bankruptcy until the same shall be closed."

The word "individual," as used in General Order No. 6, includes corporations. The Matter of the United Button Co., (D. C.) 12 Am. Bankr. Rep. 762, 132 Fed. 378. In the case of individual persons and corporations it is the intention of General Order No. 6 that the first hearing shall be had in the district of the domicile of the bankrupt. This is not true, however, of partnerships, and in General Order No. 6 the Supreme Court wished to draw, as Judge Thomas said in Matter of United Button Co., supra, 12 Am. Bankr. Rep. 765, 132 Fed. 380:

"A distinction between a single entity, that could act or be acted against as an individual person, and a copartnership, any one of whose partners could file a petition, or against any one of whose partners a petition could be filed."

Priority of hearing would ordinarily result in priority of adjudication, and this would result in the power of exclusive administration, unless jurisdiction were relinquished. In order, therefore, to carry out the provisions of General Order No. 6, and to avoid conflict in jurisdiction, it is necessary to relinquish jurisdiction to the "preferred district," so that the first hearing may be had there for the purpose of adjudication.

[3] It is required, however, that the petitioners in the domiciliary district act with diligence. Judge Thomas, in Matter of the United Button Co., supra, said:

"But the petitioners in the preferred district must be diligent, for, if there be an adjudication in any other district, jurisdiction therein to administer the estate is obtained."

Judge Thomas further said (12 Am. Bankr. Rep. 767, 132 Fed. 381):

"When a competent court has adjudged that judgment is final as to the bankrupt and his creditors, another court cannot superimpose in an independent judgment in a separate proceeding; otherwise the judgment would not be an estoppel."

These statements of Judge Thomas are apparently based upon the assumption that petitions, without consent to adjudication, are filed in two districts, both of which have jurisdiction. In the case of In re Isaacson, 20 Am. Bankr. Rep. 430, 161 Fed. 779, and 20 Am. Bankr. Rep. 437, 161 Fed. 777, the Eastern district of New York was held to be the domicile of the bankrupt, while the Southern district of New York was his principal place of business. A petition was filed in both districts, and with the petition in the Southern district of New York the bankrupt consented to adjudication. Upon motion, Judge Holt vacated the adjudication in the Southern district of New York, holding that the domiciliary district was the district in which the bankrupt's

estate should be administered in accordance with the provisions of General Order No. 6.

[4] That case was almost identical with the one at bar, and the practice followed in that case seems to be the general rule, unless it is found desirable that the preferred district relinquish its jurisdiction. so that the case may be transferred to a court in another district, "which can proceed with the same for the greatest convenience of parties in interest," in accordance with section 32 of the Bankruptcy Act of 1898, which provides:

"In the event petitions are filed against the same person, or against different members of a partnership, in different courts of bankruptcy each of which has jurisdiction, the cases shall be transferred, by order of the courts relinquishing jurisdiction, to and be consolidated by the one of such courts which can proceed with the same for the greatest convenience of parties in interest."

The referee in his report went beyond the scope of the order, and found it would be for the greatest convenience of the parties in interest to have the bankrupt's estate administered by the court in the district of New Jersey. He says:

"I might further say, although it may be considered without the scope of the order referring this matter to me, that another very important phase not strictly bearing upon the jurisdictional fact, but bearing upon the retention of jurisdiction, is the convenience of parties, and it would seem to me that sufficient has been proven before me to show that the convenience of the parties in this case would justify the retention of jurisdiction by this court, and would make it incumbent upon the United States District Court in the District of New York to transfer any jurisdiction which it might have over this matter to the United States District Court in the District of New Jersey."

The question of the convenience of parties should be determined by the court in the domiciliary jurisdiction. Matter of United Button Co. (D. C.) 13 Am. Bankr. Rep. 454, 137 Fed. 668; In re Isaacson (D. C.) 20 Am. Bankr. Rep. 430, 161 Fed. 779. An order will therefore be entered, relinquishing jurisdiction to the court of the Southern district of New York, unless it be determined by that court, upon application therefor, that the bankrupt's estate can be administered by the bankruptcy court in the district of New Jersey for the greatest convenience of the parties in interest.

Jurisdiction will be retained by this court pending an application to the court for the Southern district of New York for a transfer to this district.