## In re MORGAN.
### No. 15736.

District Court, W. D. Pennsylvania.
Nov. 14, 1930.

Bryan & Evans and Miles B. Kitts, all of Erie, Pa., for bankrupt.

Gunnison, Fish, Gifford & Chapin, of Erie, Pa., for execution-creditor.

SCHOONMAKER, District Judge.

A voluntary petition in bankruptcy was filed in this case on the 11th day of August, 1930, and Morgan was adjudged a voluntary bankrupt the same date.

On August 21, 1930, Frank A. Rice, a judgment creditor of Morgan, moved to set aside the adjudication, basing the motion on the allegation, first, that the voluntary petition on the date filed did not set forth the true and correct status of the solvency of Jesse Clarence Morgan, for the reason that, after the petition was verified by him, he made and executed a certain agreement securing an extension from all of his creditors, and that certain property scheduled at that time had at the filing of the petition been sold: second, that, at the time of the filing of the petition in bankruptcy, Morgan was absent from the district, and his whereabouts unknown, and that this court was therefore without jurisdiction.

This petition was referred to Ritchie T. Marsh as special master to take testimony and report thereon to the court with his recommendation for further action. The report of the special master was filed September 17, finding, among other things, that the bankrupt was domiciled and had his principal place of business and residence in Girard township, Erie county, Pa., for the greater portion of six months immediately prior to the filing of his petition, and that no fraud in filing this petition has been alleged or proved. The master thereupon recommends that the motion to vacate the adjudication be denied.

The creditor, Frank A. Rice, excepts to the report of the referee, and the case was heard on exceptions to that report.

Having fully considered the report of the master and the exceptions filed, we conclude that the exceptions are not well taken and must be dismissed.

We are of the opinion that Frank A. Rice, a creditor, has no standing to maintain his action to set aside the adjudication. The courts have held that a creditor has no right to oppose an adjudication in bankruptcy except such as expressly given him by statute. There is no statutory provision giving to creditors the right to contest a voluntary petition in bankruptcy. A creditor therefore cannot maintain a petition to vacate an adjudication in such case after it is made. In re Ives (C. C. A.) 113 F. 911; In re Jehu (D. C.) 94 F. 638; In re Ann Arbor Machine Corp. (C. C. A.) 274 F. 24; In re United Grocery Co. (D. C.) 239 F. 1016; In re Tully (D. C.) 156 F. 634; In re Carleton (D. C.) 115 F. 246.

It appears clearly by the evidence before the master that he was fully justified in finding that the bankrupt was domiciled and had his principal place of business in Girard township for the greater portion of six months immediately prior to the filing of this petition. The fact that he may have absconded on the 6th day of July, 1930, would not change that situation, for he could not in the meantime, prior to the date of the filing of the petition in bankruptcy, have acquired a domicile in another district. There has been no fraud alleged by the petitioner in the matter of the filing of this petition.

The petition had been executed for some time; it was left with an attorney; and, although a credit-extension agreement was executed by some creditors, it was not executed either by Morgan or his wife; and, after his departure, his wife went to Attorney Bryan and took away the petition and schedules which had been executed by Morgan, and filed them through Attorney Kitts. There was conversation between Morgan and his wife to the effect that he did not care what became of the petitions that were in the hands of Attorney Bryan. Thereafter he went away and his wife secured and filed the petitions.

We therefore hold that the creditor is without right of statute to intervene and move to vacate; that this court has jurisdiction to receive and adjudge Morgan a bankrupt; that there has been no fraud alleged or proved in the matter of the filing of the petition in bankruptcy. Exceptions to the master's report will be overruled and the report confirmed.