## In re PICK BARTH HOLDING CORPORATION.

District Court, S. D. New York.
April 10, 1933.

H. A. Martin, of Seattle, Wash., for plaintiff.

Stedman & Stedman, of Seattle, Wash., for defendants.

Simpson, Thacher & Bartlett, of New York City, for the motion.

Weinstein & Levinson, of New York City (Frank Weinstein and Samuel J. Levinson, both of New York City, of counsel), opposed.

486

BONDY, District Judge.

This court did not act without jurisdiction in the present proceedings, having acquired actual possession of property of the bankrupt through its receiver, before exclusive possession of such property had been vested in the Delaware court by the election of a trustee. The mere adjudication there did not deprive this court of jurisdiction. See In re Tybo Mining & Reduction Co. (D. C.) 132 F. 697; In re United Button Co. (D. C.) 132 F. 378; In re New Era Novelty Co. (D. C.) 241 F. 298.

The corporation having first been adjudicated a bankrupt in the District Court for the District of Delaware, where it is domiciled, and a trustee having been elected in that district, the proper practice would be for the parties to the proceeding in this district to apply to the District Court of Delaware for an order transferring the case to this district for the greater convenience of the parties in interest (see General Order No. 6 [11 USCA § 53], and Bankr. Act § 32 [11 USCA § 55]), and if denied, for the trustee to apply to this court for an order to transfer the proceedings to Delaware. The receiver has not been made a party to this motion. An order directing the receiver to turn over the property therefore should not be granted on this motion.

Pending a determination, all further proceedings herein should be stayed.

The motion accordingly is denied, without prejudice to the renewal of any part thereof after such proceedings have been taken.