## In re WAXELBAUM.

(District Court, S. D. New York. December 18, 1899.)

1. BANKRUPTCY—VOLUNTARY PETITION—INQUIRY AS TO JURISDICTION.

Upon the filing of a voluntary petition in bankruptcy, and before an adjudication thereon, creditors may move to set the petition aside or dismiss it, on the ground that the court has no jurisdiction, the residence or domicile of the debtor being in another district; and thereupon the court may inquire into the facts of jurisdiction, and make the adjudication or dismiss the petition, according to the result.

2. SAME—PETITIONS IN DIFFERENT DISTRICTS—JURISDICTION.

After the filing of a petition in involuntary bankruptcy in one district and the service of process thereon, but before adjudication, the debtor filed his voluntary petition in another district. The place of his actual

residence or domicile being disputed, there was doubt as to the court which would have jurisdiction. *Held*, by the court of bankruptcy in the second district, that the mere pendency of the involuntary petition was not sufficient ground for dismissing the voluntary petition, but that action thereon would be stayed to await the determination of the court in the first district on the question of its jurisdiction over the petition before it and the adjudication of the debtor thereon.

3. SAME—VOLUNTARY AND INVOLUNTARY PETITIONS.

The provisions of Bankr. Act 1898, § 32, and of General Order No. 6 (32 C. C. A. viii., 89 Fed. v.), regulating the practice in case petitions in bankruptcy are filed "against" the same debtor in different courts of bankruptcy, each of which has jurisdiction, and directing that the first hearing shall be had in the district where the debtor has his domicile, but that the case may be transferred to that court where it can proceed "for the greatest convenience of the parties in interest," apply not only to the case of two or more involuntary petitions being so filed, but also to a case where an involuntary petition is presented in one district, and the debtor's own voluntary petition in another.

4. SAME—TRANSFER OF CAUSES.

Where a petition in involuntary bankruptcy against a debtor was filed in Georgia, and, pending a hearing thereon, he filed his voluntary petition in New York, alleging that he was a resident of the latter state, but it appeared that he had formerly been engaged in business in Georgia, that the debts to be affected were all contracted there, that his present business was as an agent or employé of the corporation which succeeded his former firm, that he was accustomed to spend a part of his time in Georgia, and that his creditors desired that the bankruptcy proceedings should be conducted in the latter state, *held*, that it would be "for the greatest convenience of the parties in interest" that the court in Georgia should proceed with the case, if it determined in favor of its jurisdiction and made the adjudication.

In Bankruptcy. On motion to dismiss petition.

Joseph Fried, for the motion.

Arthur Furber, for bankrupt, opposed.

BROWN, District Judge. In August, 1899, a petition was filed by the creditors of the above-named bankrupt, as surviving member of the firm of S. Waxelbaum & Son, at Macon, in the Southern district of Georgia, to have him adjudicated a bankrupt, alleging that he resided and had his domicile and principal place of business within that district. The bankrupt not being found there, an order for service by publication, issued November 21st, was personally served on the bankrupt in the city of New York on November 28th, requiring him to answer the petition by January 3, 1900. On amendment of the petition, a further order of publication was made, returnable January 15, 1900, which was personally served on the bankrupt in this district on December 5th. On December 7th, the bankrupt filed his own petition in this district stating that he had had his residence and principal place of business for the greater part of the six months previous in this district and asking to be adjudged a bankrupt here. On the next day, before any adjudication thereon, an order was granted by this court to show cause why the last-named petition should not be set aside, or for other relief, upon affidavits presented by creditors, stating the pendency of the involuntary proceedings in the Southern district of Georgia, that he was domiciled there and that a prior voluntary petition filed by the bankrupt

within this district on April 14, 1899, had been dismissed on November 21, 1899, for want of jurisdiction, it being found after full investigation that the bankrupt had not resided or had a place of business within this district for the requisite period. (D. C.) 97 Fed. 562.

The pendency of an involuntary petition before adjudication, does not necessarily invalidate a subsequent voluntary petition filed in the same district or in another district. The former petition may be invalid for lack of jurisdiction, when the facts appear; and other considerations also may sometimes justify, or even make desirable, a subsequent voluntary petition. In re Canfield, Fed. Cas. No. 2,380. Here the question of jurisdiction will arise on each petition; and neither is necessarily exclusive of the other, since a possible change of domicile or residence from Macon to New York in July, 1899, might give jurisdiction in either district. Section 2.

The decisions on this subject under the act of 1867, are not precisely applicable to the present case, since the question of jurisdiction was not involved in any of them, and the double petitions were in the same court. In re Stewart, 3 N. B. R. 109, Fed. Cas. No. 13,419; In re Wielarski, 4 N. B. R. 390, Fed. Cas. No. 17,619; In re Canfield, supra; In re Flanagan, 5 Sawy. 312, 18 N. B. R. 439, Fed. Cas. No. 4,850.

Under the present act, not only in partnership, but also in individual bankruptcies, a petition may often be properly filed in either of two districts. As respects different petitions in partnership cases, General Order 6 (32 C. C. A. viii., 89 Fed. v.) provides fully; it also further provides, "that if two or more petitions shall be filed against the same individual in different districts, the first hearing shall be had in the district in which the debtor has his domicile," although the case may be transferred by one court to the other, "if that is for the greatest convenience of the parties in interest."

Section 32 of the act also provides that:

"In the event petitions are filed against the same persons in different courts of bankruptcy, each of which has jurisdiction, the case shall be transferred to the court which can proceed for the greatest convenience of parties in interest."

The above provision, read in connection with section 1 (1), "that a person against whom a petition has been filed, shall include a person who has filed a voluntary petition" (In re Vaughan [D. C.] 97 Fed. 560), would require the present case to be heard in the district of the bankrupt's domicile, or else transferred to that of his residence or place of business, if that would be for "the greatest convenience of the parties in interest."

Both the provisions above referred to, however, contemplate a case in which each court has jurisdiction of the cause, and that question when raised must be first determined.

Section 18g provides that upon the filing of a voluntary petition, the judge "shall make the adjudication, or dismiss the petition." No express provision is made in the act or in the rules as to when or how an inquiry into the truth of the jurisdictional facts alleged in a voluntary petition is to be made; but considering the complica-

tion which would often arise, it seems evident that the jurisdiction when challenged, should be inquired into as early as possible, so that the proceedings, if invalid, may be arrested in limine; and the alternative of adjudication or dismissal given by section 18g implies that the court should make such inquiry into the facts as may be necessary to determine whether to adjudicate, or to dismiss.

From the facts appearing in the case dismissed on November 21st for want of jurisdiction, a part of which had to be obtained by a commission to Macon, I am satisfied that the greatest convenience of the parties in interest, both as respects the residence, domicile and principal place of business of the bankrupt, as well as respects all other matters pertaining to the proceedings in bankruptcy, in whichever district the adjudication may be had, will be best subserved by a hearing of the whole case at Macon, should jurisdiction there be established. The debts were all contracted while he was in business there; his present business is in connection with the corporation which succeeded his former firm; he is in its employ, acting under a power of attorney; the creditors desire the investigation to be had there, and there I think the investigation will be most convenient and effective.

The proceedings on the bankrupt's new petition filed in this district on December 7th should, therefore, be suspended and stayed until the question of his adjudication at Macon is determined. If jurisdiction there is sustained, the further proceedings should for the convenience of parties be had in that district; if not sustained, the petition there will be dismissed and adjudication here will follow.