In re SEARS, HUMBERT & CO.

In re BATTLE'S ESTATE et al.

(Circuit Court of Appeals, Second Circuit. January 25. 1904.)

No. 96.

1. BANKRUPTCY—APPEAL FROM DISMISSAL OF INVOLUNTARY PETITION—EFFECT OF SUBSEQUENT ADJUDICATION.

Where, pending an appeal from an order dismissing a petition in involuntary bankruptcy, the defendants were adjudicated bankrupts in another district, the appeal will be dismissed, since, under general order No. 6, the court making the first adjudication has exclusive jurisdiction, and the questions involved in the appeal have therefore become academic; and especially where such questions relate to an alleged preferential transfer of property, charged as an act of bankruptcy, which may again come before the court in a suit by the trustee against the transferee.

2. SAME—COMPENSATION OF RECEIVER.

Where, pending action on an involuntary petition, which was subsequently dismissed by the court, a receiver was appointed, who remained in possession of the property when defendants were adjudicated bankrupts in another district, the authority to compensate the receiver passed to the court making the adjudication, which took exclusive jurisdiction of the estate.

3. SAME—RES JUDICATA—FINDING ON INVOLUNTARY PETITION.

A finding on a creditors' petition that a charge of preferential transfer of property by the alleged bankrupts was not sustained is not an adjudication which could bind a trustee subsequently appointed on an adjudication made by another court, in a suit brought by him against the alleged preferred creditor. to recover the property.

Appeal from the District Court of the United States for the Western District of New York.

This is an appeal by the petitioning creditors from a judgment of the District Court for the Western District of New York, dismissing their petition and refusing to adjudicate Sears, Humbert & Co. bankrupts, on the ground that the act of bankruptcy alleged in the petition had not been established. The act of bankruptcy so alleged was that Sears, Humbert & Co., being insolvent, had transferred a large portion of their property, consisting of notes and accounts, to the Whitehall Portland Cement Company, one of their creditors, with intent to give a preference.

Moses Shire and E. L. Jellinek, for appellants.
George M. Mackellar, for appellee.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

COXE, Circuit Judge. It appeared at the argument that the members of the firm of Sears, Humbert & Co. have been duly adjudicated bankrupts, both individually and as copartners, upon petition filed in the Southern District of New York, and that the estate is now being administered there. The question presented by this appeal has, therefore, become academic. The copartnership being now in bankruptcy, it is a matter of no moment whatever whether the specific act of bankruptcy alleged in the petition in the Western District was or was not established. A reversal of the judgment appealed from would lead to no practical result and would only tend to complicate a situation which is now perfectly plain and simple. General order 6 provides that "the court which makes the first adjudication of bankruptcy shall retain jurisdiction over all proceedings therein until the same shall be closed." It is manifest, therefore, that every right and remedy which the petitioning creditors had has been preserved and may be asserted and enforced in the proceeding in the Southern District.

It was suggested by counsel for appellants, as a reason why a decision should be made upon the merits, that the court in the Western District had appointed a receiver who would be compelled to turn over the fund in his hands without compensation for his disbursements and services in collecting and preserving it. The answer is that whatever authority was vested in the court of the Western District to compensate the receiver, was transferred to the court for the Southern District, and as the latter court has now sole jurisdiction of the estate it is probable that its authority would have to be invoked by the receiver in any event. But be this as it may, there can be no doubt that the court for the Southern District, upon proper presentation, will take cognizance of the matter and make an equitable disposition of the claims of the receiver. Nothing more is needed.

Again it is suggested that the judgment appealed from will be a bar to an action by the trustee to set aside the alleged preference to the Whitehall Portland Cement Company which was pleaded as an act of bankruptcy. This proposition is also untenable. The trustee, if he proceeds in the matter, must begin a plenary suit in which he is plaintiff and the cement company is defendant. How a judgment in a proceeding instituted by certain creditors to have Sears, Humbert & Co. declared bankrupts can be regarded as res judicata of such a

suit we are unable to comprehend. The parties are different, the proof is different and the subject-matter is different. The reasoning of the court in dismissing the petition is entitled to respect and will, in all probability, be examined, if the suit suggested is brought to trial; but we are unable to perceive why the issues in such a suit should not receive full and independent consideration from the trial court. Indeed, the possibility that the decree in such a suit may be brought before this court on review, is an additional reason why at this time we should refrain from expressing an opinion upon the merits of a controversy which may again be presented, but upon a new issue and in wholly different circumstances.

The appeal is dismissed without costs.