In re TYBO MINING & REDUCTION CO.

(District Court, D. Maine. November 5, 1904.)

No. 85.

1. BANKRUPTCY—TRANSFER OF PROCEEDINGS—SUFFICIENCY OF GROUNDS.

　　A court of bankruptcy of the district in which a bankrupt is domiciled, which, by reason of such fact, and the priority of the proceedings and adjudication therein, has acquired jurisdiction to the exclusion of the court in another district, in which proceedings were also instituted, is required by general orders in bankruptcy No. 6 (18 Sup. Ct. iv) to "retain jurisdiction over all proceedings therein until the same shall be closed," unless it is satisfied that it is for the greatest convenience of the parties in interest that the case should be transferred. On that issue the burden of proof rests upon those asking the transfer, and where they are a

minority of the creditors, representing only a small part of the indebtedness, a transfer is not warranted by the fact alone that the greater part or all of the bankrupt's property is in the other district; the court having power to order its sale there, if deemed best.

In Bankruptcy.    On petition for transfer of proceedings.

Strout & Gage, for petitioners.
H. & W. J. Knowlton, for John Lawton Butler, trustee.

HALE, District Judge.    This case comes before the court on the petition of the Eureka County Bank and others, who pray that this court relinquish all proceedings in this matter in bankruptcy, and transfer the case to the United States District Court for the District of Nevada.    It appears by the record before the court that the bankrupt corporation was resident and domiciled in the city of Portland, in the state of Maine, and a citizen of said state; that on April 8, 1904, a creditors' petition was filed against this company by George E. Gale, of Boston, Mass., Laura L. Butler, of Somerville, Mass., and John Lawton Butler, of Tybo, Nye county, Nev., creditors of said company; that on April 23, 1904, the company was duly adjudged a bankrupt; that the case was thereupon referred to Hon. Lewis Pierce, referee; that the first meeting of creditors was held in Portland, on May 14, 1904, when said John Lawton Butler was appointed trustee in bankruptcy; that on May 2, 1904, the Eureka County Bank and others filed in the District Court of the United States for the District of Nevada their petition in bankruptcy against this corporation, alleging that it had its principal place of business in Tybo, Nye county, Nev., for the greater part of six months theretofore; that it owed debts to creditors in the state of Nevada exceeding the sum of $11,000; that all the property of the bankrupt of any value was situated in the state of Nevada; that the greater number of its creditors resided there; and that the said corporation was insolvent, and had committed an act of bankruptcy.    It appears that thereafter, on May 26, 1904, the bankrupt corporation filed in the District Court of Nevada its demurrer to the said petition of the Eureka County Bank and others; that on July 19, 1904, said John Lawton Butler, as trustee in bankruptcy under the proceedings in the District Court of Maine, filed his petition in said District Court of Nevada, alleging the bankruptcy in the Maine District, his own appointment as trustee; that a large part of the property of the bankrupt situated in Tybo, Nye county, Nev., is held under process of the courts in the state of Nevada in certain actions brought in that state; that the Eureka County Bank and others had filed a petition in bankruptcy in the District Court of Nevada; and that he (the said Butler), trustee by order of the District Court of Maine, was on July 9, 1904, authorized and instructed to intervene in the proceedings in the District Court of Nevada, wherefore the trustee prayed that his appointment by the District Court of Maine be ratified by the District Court of Nevada, and that he be permitted to act as trustee by said District Court of Nevada, in all ancillary proceedings which may be required to be had in said District Court of Nevada in the settlement and in the property and affairs of the bankrupt estate, and that the petition of the Eureka County Bank and others be dismissed.

It appears from the record that the demurrer and the petition of John Lawton Butler came on to be heard before the District Court of Nevada on July 28, 1904; and on the 6th day of September, 1904, Hon. Thomas P. Hawley, Judge of said United States District Court of Nevada, filed his opinion, holding that the proceedings in the United States District Court of Nevada remain in statu quo for a period of 40 days from the filing of his opinion, to enable the Eureka County Bank and others to present the petition to the District Court of Maine for the relinquishment of the proceedings in that court. 132 Fed. 697. In that opinion the learned judge of the United States District Court of Nevada makes a very clear and able statement of the principles of comity prevailing between the District Courts of the several districts of the United States. He says:

"If no proceeding in bankruptcy had been instituted in Maine against the corporation prior to the time of the filing of the petition of creditors in this court, its jurisdiction, under the provisions of this statute, could not be questioned, because this petition states 'that Tybo Mining & Reduction Company is a corporation organized and existing under and by virtue of the laws of the state of Maine, and has for the greater portion of six months next preceding the date of filing this petition had its principal place of business at Tybo, in the county of Nye, and state and district aforesaid.' This is one of the grounds giving jurisdiction to the courts. But it affirmatively appears that prior to the time of filing the petition in this state the District Court of Maine had acquired jurisdiction under the provisions of the bankruptcy act. The petition in that case averred 'that the Tybo Mining & Reduction Company, a corporation duly organized under the laws of the state of Maine, has for the greater portion of six months next preceding the date of the filing of this petition had a principal place of business and had its domicile at Portland, in the county of Cumberland, and state and district aforesaid,' and these are the grounds giving that court jurisdiction under the provisions of the statute. It goes without discussion that both courts ought not to proceed with independent hearings. That such a proceeding would be detrimental to all the parties concerned is too plain for argument. I am of opinion that it is the duty of this court to recognize the priority of the jurisdiction of the District Court of Maine. * * * Should the proceedings in this court be dismissed? Is Butler entitled to the order he prays for? These questions call for a further discussion of certain points argued by the respective counsel herein. If the proceedings in this state be dismissed, would this court have any jurisdiction or authority to grant the prayer of Butler's petition? If so, from whence could the authority be derived? This question is one of far-reaching importance. The comity existing between courts of different states, and the general power of courts of equity and of law in auxiliary and ancillary proceedings, would seem, at first blush, to imply that this court should at all times be ready and willing to aid the courts of a sister state in enforcing remedies and rights in suits and proceedings over which they have no jurisdiction concerning property that may be situate in this state. And if such remedies could only be enforced by the aid of this court, I should hesitate long before refusing such assistance as the necessities of the case might demand, if I had the power so to do. Has this court, as a court of bankruptcy, the power to grant the authority asked for by the petitioner? Can this court exercise any ancillary jurisdiction by virtue of the general authority of courts in equity to lend such aid when the necessities of the case so require, or the ends of justice be promoted thereby? Courts of bankruptcy cannot take any jurisdiction not expressly given by the bankruptcy act. Although they are courts of record, they have only a limited jurisdiction—such jurisdiction as the statute gives, and no other. * * * Counsel for the creditors in this state declare it to be their intention, in the event that this court declines to proceed in the determination of their rights on account of the prior proceedings in another court, to petition the court in Maine to transfer the proceedings pending there to this court, on the ground that such

transfer and consolidation would be for the greater convenience of all parties interested. Section 32 of the Bankruptcy Act of July 1, 1898, c. 541, subc. 4, 80 Stat. 554 [U. S. Comp. St. 1901, p. 3434], provides, 'In the event petitions are filed against the same person or against different members of a partnership in different courts of bankruptcy, each of which has jurisdiction, the cases shall be transferred by order of the courts relinquishing jurisdiction to and be consolidated by the one of such courts which can proceed with the same for the greatest convenience of parties in interest.' It would be out of place for this court to intimate any opinion as to the character of cases to which that section is intended to apply, or express any views whatever as to which court would, under all the circumstances of this case, be most convenient for the benefit of all concerned. But it will not be improper for this court to stay all the proceedings herein for such reasonable time as may be necessary to enable the creditors who instituted the proceedings in this state to apply to the court in Maine for a transfer. In making this order, none of the parties can be injured or affected in their rights. No order of dismissal will therefore be made, and no order will be at present entered refusing the prayer of petitioner Butler. This result seems to be authorized by form No. 6 (18 Sup. Ct. iv) promulgated by the Supreme Court of the United States (Brandenburg on Bankruptcy, § 1241), and is sanctioned by In re Waxelbaum (D. C.) 98 Fed. 589."

It becomes, then, the duty of this court to examine with great care and to decide which court can proceed with the cause for the greatest convenience of the parties in interest. Section 32 of the bankruptcy act of July 1, 1898, c. 541, subc. 4, 30 Stat. 554 [U. S. Comp. St. 1901, p. 3434], has been referred to by the learned court of Nevada. Upon the same subject is general order in bankruptcy 6 (32 C. C. A. ix), which provides:

"In case two or more petitions shall be filed against the same individual in different districts, the first hearing shall be had in the district in which the debtor has his domicile. * * * The petition first filed shall be first heard. * * * And the court which makes the first adjudication of bankruptcy shall retain jurisdiction over all proceedings therein until the same shall be closed. * * * But the court so retaining jurisdiction shall, if satisfied that it is for the greatest convenience of parties in interest that another of said courts should proceed with the cases, order them to be transferred to that court."

We start with the proposition that the Maine court now holds these bankruptcy proceedings by virtue of this district being the domicile of the bankrupt corporation, and the court of the earliest proceedings. It therefore has unquestionably the right to proceed with the case to a conclusion. And it is undoubtedly the duty of this court to so proceed unless it shall conclude by an examination of the whole record that it is for the greater convenience of the parties that the proceedings be transferred to the District Court of Nevada. The learned court of Nevada has properly refused to grant ancillary aid to the trustee upon his petition. That court proceeded upon the ground that the trustee had no need of such aid; that he was already armed with all the legal rights and remedies which he required to enable him to proceed in any court in Nevada for the protection of the property of the bankrupt estate. In the Williams Case (D. C.) 123 Fed. 321, Judge Hammond, of the District Court of Tennessee, says:

"It is not necessary to go into the technicalities of any of these examples of ancillary or auxiliary jurisdiction, because the existing bankruptcy statute is absolutely destitute of any hint of such a jurisdiction in aid of proceedings in bankruptcy pending in another district or court of bankruptcy. * * *

The scheme of the bankruptcy statute is that the trustee is equipped with the fullest possible title to all property of the bankrupt—to all his rights, remedies, and causes of action. * * * Besides, he is armed with all the legal rights and remedies that the bankrupt had, or that any other owner might have, to enforce his title and his rights of action, and these he is required to use for the collection of the property and assets of the bankrupt under the guidance of the court which appoints him. * * * And he must resort to the courts of the states, or to the federal courts in other states, according to his right to enter each or either of them, for enforcing whatever remedies he may have as owner of the bankrupt's estate, and to bring whatever causes of action may be necessary."

The court must therefore come to the conclusion that the trustee has already, under his authority from this court, all the powers that he requires to enforce the rights of the bankrupt estate in other jurisdictions. We are satisfied that this court should retain its jurisdiction unless it shall clearly appear that the convenience of parties in interest shall require the transfer to the District Court of Nevada. Do the circumstances of this case clearly show that the court of Nevada can proceed for the greater convenience of the parties in interest than this court? In the Case of Waxelbaum (D. C.) 98 Fed. 589, the court of the Southern District of New York found that "the greatest convenience of the parties in interest, both as respects the residence, domicile, and principal place of business of the bankrupt, as well as respects all other matters pertaining to the proceedings in bankruptcy, in whichever district the adjudication may be had, will be best subserved by a hearing of the whole case at Macon, should jurisdiction there be established." One of the leading grounds which the court gives for so holding was that "the creditors desire the investigation to be had there, and there I think the investigation will be most convenient and effective." It is evident that all of the creditors in that case desired the removal to the District Court of Georgia. In this case the report of the referee, which I have before me, shows that the total claims proved are 27 in number, and amount to $73,923.98. Creditors less than a majority in number, and representing only a very small part of the whole amount of the indebtedness, have asked for the transfer. The petition is directed to the discretion of the court. The burden of proof is upon the petitioners to show that it is for the greatest convenience of the parties in interest that the proceedings should be transferred. Unless such convenience of parties is clearly and affirmatively shown, the court should not relinquish jurisdiction. Collier on Bankruptcy, p. 290, and cases cited. We do not think the petitioners have made out a case calling for a transfer of proceedings. It is not shown that the sale of the assets of the concern can be best conducted by a court in the state of Nevada; it is not shown whether or not the market for that sort of property is better in that district than in the East; and, wherever this court shall find a sale of the property of the corporation can best be effected, it can there order the sale to be.

The report of the referee shows that considerable progress has been made already in this jurisdiction in the administration of the estate; that a transfer of proceedings might result in some confusion, and in a considerable loss of time in the settlement of the estate. Such transfer would inevitably add much to the expense of the proceedings. The

court does not find anything in the case to take it out of the rule that the tribunal which first takes jurisdiction shall continue and conclude the proceedings.

The prayer of the petitioners is denied.