684

STANDARD SANITARY MFG. CO. v. MOM-
SEN–DUNNEGAN–RYAN CO. et al.

No. 6416.

Circuit Court of Appeals, Ninth Circuit.

July 29, 1931.

Rehearing Denied Sept. 14, 1931.

Armstrong, Kramer, Morrison & Roche, of Phœnix, Ariz., for appellant.

Alice M. Birdsall and Thomas W. Nealon, both of Phœnix, Ariz., for appellees.

Before WILBUR and SAWTELLE, Circuit Judges, and NETERER, District Judge.

WILBUR, Circuit Judge.

This is a motion to dismiss the appeal. A petition for involuntary bankruptcy was filed by Momsen-Dunnegan-Ryan Company, Pratt-Gilbert Hardware Company, and Union Oil Company of Arizona, as petitioning creditors, against Phœnix Plumbing & Heating Company, a copartnership composed of Leo Francis, Lyon Francis, and D. L. Francis, copartners, all of the parties above named other than appellant being named as appellees on this appeal.

The petition, filed on August 17, 1929, alleged a number of acts of bankruptcy, including preferential payments to each of three creditors of the alleged bankrupts, it being averred as to one such preference that said alleged bankrupts, at a date subsequent to June 1, 1929, and while insolvent, transferred to the appellant, Standard Sanitary Manufacturing Company, a creditor, a portion of the property of such bankrupts, to wit, money in the sum of $13,000, with intent to prefer said creditor over their other creditors. Appellant filed its answer to said petition, in which answer it denied such preference. An answer to said petition was also filed by Crane Company, a corporation (one of the appellees herein), which was one of the creditors to whom, the petition alleged, a preferential payment had been made, constituting one of the several acts of bankruptcy charged in the petition.

Thereafter an order was made by the District Judge that the issues in said proceeding be referred to the special master, with direction to ascertain and report the facts with his conclusions thereon. Thereupon hearings were had and evidence taken before the master, who later filed his report. In said report it was among other things found that said Phœnix Plumbing & Heating Company, a copartnership, and the previously named persons composing it, as partners and as individuals, were, and each of them was, at the date of filing said petition (August 17, 1929), and at the date of filing said report, and had been for more than four months next preceding the date of filing said petition, insolvent; in addition to other acts of bankruptcy found in said report, consisting of preferential payments made by said alleged bankrupts to creditors other than appellant, it was found in substance that on or about June 10, 1929, said alleged bankrupts did, while insolvent, transfer and pay over to Standard Sanitary Manufacturing Company, a corporation, creditor, the sum of $13,000, with intent to prefer said creditor over their other creditors; which said payment was, in the conclusions of law, characterized as a "further act of bankruptcy" on the part of said alleged bankrupts. Said sum of $13,-000 so paid to appellant was paid from moneys received by said partnership which were due it from the Lincoln Mortgage Company.

To said findings of fact and conclusions of law, with reference to the preferential payment of $13,000, appellant filed its exceptions. The court overruled these exceptions and ordered that said report be approved and confirmed, and "that the Phœnix Plumbing and Heating Company, a copartnership composed of Leo Francis, Lyon Francis and D. L. Francis, co-partners, and D. L. Fran-

cis, Leo Francis and Lyon Francis, as individuals, be and they hereby are declared and adjudged bankrupts."

The petition for appeal herein was presented to, and allowed by, the District Judge. In said petition it was averred that petitioner felt itself "aggrieved by the overruling of the said objections and the adjudication" of bankruptcy, "and particularly that portion of said decree declaring that the payment of money to the petitioner by the Lincoln Mortgage Company an act of Bankruptcy." The prayer of petitioner was that an appeal be granted in its behalf to this court "for the correction of the errors complained of and herewith assigned." Error is assigned, in each instance, to the overruling of the above objections of appellant to findings and conclusions of law in the reply of the special master. In the brief of appellant it is stated that its appeal is confined "to the finding of fact and conclusion of law covering the so-called Lincoln Mortgage Company transaction, and the question of insolvency prior to the 20th day of July, 1929"; said brief further stating that appellant "did not at any time in the proceedings raise any question whatsoever as to the adjudication on the 17th of August, 1929, nor to the findings of fact and conclusions of law on other acts of bankruptcy save the Lincoln Mortgage Company transaction." It is thus apparent that the appellant does not complain of the adjudication of bankruptcy. The appellees' motion to dismiss is upon the ground that this court is without jurisdiction to hear and determine this appeal, for the reason that it was not taken in conformity with any of the provisions of either section 24 or section 25 of the Bankruptcy Act (11 USCA §§ 47, 48) governing the taking and prosecution of appeals in bankruptcy matters. The appeal is apparently taken by reason of appellant's fear that the order of adjudication in bankruptcy will be conclusive in a subsequent action brought by the trustee to determine the question of preference. The order does not have that effect. In re Sears, Humbert & Co. (C. C. A. 2) 128 F. 275.

In view of the foregoing facts, we are compelled to grant the motion of appellee to dismiss the appeal, for it appears therefrom that the matter sought to be presented here is not appealable under section 25. Section 24, as amended by Act May 27, 1926, c. 406, § 9, 44 Stat. 664 (11 USCA § 48), provides that the allowance of all appeals other than those mentioned in section 25 is discretionary with this court. The petition for the allowance of the appeal was not addressed to, nor was it acted upon by, this court.

Appeal dismissed.