## In re MILLER & HARBAUGH.*

### HARBAUGH v. CLARK.

### No. 6433.

Circuit Court of Appeals, Ninth Circuit.

Feb. 23, 1932.

Barnett H. Goldstein, H. E. Collier, and S. J. Bischoff, all of Portland, Or., for appellant.

Coan & Rosenberg, of Portland, Or., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges and WEBSTER, District Judge.

PER CURIAM.

January 6, 1931, the order adjudging Paul C. Harbaugh in contempt of court was made and entered in the District Court of the United States for the District of Oregon, for disobeying a turnover order made and entered in In re bankruptcy of Miller & Harbaugh, a corporation.

January 28, 1931, petition for allowance of appeal to the United States Circuit Court of Appeals for the Ninth Circuit was filed in the District Court of the United States for the District of Oregon.

January 28, 1931, assignment of errors was filed.

*Rehearing denied April 4, 1932.

January 28, 1931, an order was made and entered allowing an appeal to the United States Circuit Court of Appeals for the Ninth Circuit.

January 28, 1931, citation on appeal was issued and served on the appellee, and due and timely and legal service was admitted the same day.

April 7, 1931, the transcript in this cause was filed with the clerk of the United States Circuit Court of Appeals for the Ninth Circuit, and the cause was duly docketed.

April 13, 1931, appellee entered his appearance in this court.

April 14, 1931, appellant's brief was filed.

September 11, 1931, appellee's brief was filed herein.

September 17, 1931, appellant's reply brief was filed herein.

September 17, 1931, this cause was tried at the Portland, Or., session of the United States Circuit Court of Appeals for the Ninth Circuit.

September 21, 1931, appellee filed an additional brief.

October 26, 1931, a judgment was entered herein, 53 F.(2d) 176, reversing the order of the United States District Court for the District of Oregon.

Thereafter appellee filed a petition and brief for a rehearing.

December 14, 1931, an order was entered herein denying the petition for a rehearing, 54 F.(2d) 612.

December 14, 1931, "upon application of Messrs. Coan & Rosenberg, counsel for the appellee," an order staying issuance of mandate was made and entered herein pending petition for a writ of certiorari to be filed with the Clerk of the Supreme Court of the United States.

January 2, 1932, the clerk of this court forwarded (as of December 28, 1931), to the clerk of the Supreme Court of the United States the original and copies of the transcript of record for use upon petition to the Supreme Court of the United States for writ of certiorari.

January 4, 1932, appellee served the motion now before the Court, and likewise served a motion to stay the issuance of mandate to March 10, 1932, and also prays that this court fix a time within which the petition for a writ of certiorari be docketed in the office of the clerk of the Supreme Court of the United States.

No motion was ever filed to dismiss the appeal prior to the entry of the judgment in this court.

The question presented by this motion was not argued in the briefs filed herein, nor was the question presented at the oral argument of the case.

The question was not presented upon the petition for rehearing.

The court did not, prior to the rendition of this judgment, pass upon the matter sua sponte.

Both parties have filed briefs, on the jurisdictional questions involved, and a further hearing of the motion is neither necessary nor desirable. It is clear that, if this appeal is from an order in a proceeding in bankruptcy, this court acquired no jurisdiction over the matter by the allowance of an appeal by the District Court. This was decided by this court in Standard Sanitary Mfg. Co. v. Momsen-Dunnegan-Ryan Co., 51 F.(2d) 684, in conformity with the decisions of other Circuit Courts of Appeal. Quarles v. Dennison (C. C. A. 10) 45 F.(2d) 585; Broders v. Lage (C. C. A. 8) 25 F.(2d) 288, 289; Taylor v. Voss, 271 U. S. 176, 181, 46 S. Ct. 461, 70 L. Ed. 889; Gate City Clay Co. v. Dickey (C. C. A. 8) 39 F.(2d) 581, and numerous cases cited; Shoreland Co. v. Conklin, 30 F.(2d) 489 (C. C. A. 5); Stanley's Incorporated Store No. 3 v. Earl (C. C. A. 8) 25 F.(2d) 458; Schnurr v. Miller, 49 F.(2d) 109 (C. C. A. 8).

That the order adjudicating the appellant in contempt for a failure to obey a turnover order is a proceeding in bankruptcy was decided by the Circuit Court of Appeals of the first circuit in Ahlstrom v. Ferguson, 29 F.(2d) 515. We see no reason to doubt the correctness of this conclusion, and consequently the appeal must be dismissed.

Appeal dismissed.