### In re NATIONAL DEPARTMENT STORES, Inc.

### No. 966.

District Court, D. Delaware.

Sept. 13, 1934.

Reuben Satterthwaite, Jr., of Wilmington, Del., for trustees.

Caleb S. Layton (of Richards, Layton & Finger), of Wilmington, Del., for debtor.

C. Edward Duffy (of Hastings, Stockly & Duffy), of Wilmington, Del., and L. Stauffer Oliver, of Philadelphia, Pa., for petitioning creditors.

NIELDS, District Judge.

April 11, 1933, the debtor was adjudicated a bankrupt in this court and its property taken over and administered by trustees. Its field of activity was almost nation-wide. The schedules filed by the bankrupt give its assets as approximately $27,000,000 and its liabilities as approximately $7,000,000. Under the above conditions Aron Lieberman & Son, Hill Shoe Company and Bel-Mar Uph. Furniture Company on June 8, 1934, filed their petition as creditors under the provisions of section 77B of the Bankruptcy Act (11 USCA § 207). This petition was verified on June 7, 1934, but the amendment did not become effective until June 8, 1934. Service upon the debtor was not made until June 13th. A debtor's petition was filed without notice to the petitioning creditors on June 12th, and on that day the court approved the debtor's petition and appointed temporary trustees under section 77B. It should be

noted the claims of the petitioning creditors aggregate only $2,043.75.

■ July 9th a hearing was had on the question of making the appointment of trustees permanent under the debtor's petition; on the motion of the petitioning creditors to vacate the order entered on June 12th appointing temporary trustees; and also on the motion of the debtor to dismiss the creditors' petition. At the hearing the substantial question was whether the filing of an involuntary petition by three creditors under the provisions of section 77B (a), 11 USCA § 207 (a) deprived the debtor of the right to file a petition under that section. Section 77A (11 USCA § 206) describes the additional jurisdiction of the court provided in section 77B. That jurisdiction is "original jurisdiction in proceedings for the relief of debtors." Section 77B gives the debtor the right to file an original petition. This is the first and primary purpose in the act. The debtor may also file an answer to a creditors' petition. With this right we are not concerned. If the debtor has not filed a petition, three creditors may file a petition. If the creditors' petition is approved, proceedings continue with like effect as if the debtor had filed a petition. The statute prescribes that the debtor in its petition shall aver "that it desires to effect a plan of reorganization." The creditors in their petition must aver that they "propose that it [debtor] shall effect a reorganization." Subdivision (d) of the section (11 USCA § 207 (d) provides that a plan of reorganization may be proposed to the court (1) by any creditor if the plan has received the approval of the requisite number of creditors or stockholders or (2) by the debtor without such approval.

So far as may be, the authorities construing the bankruptcy statute apply to section 77B. These authorities hold that a debtor may file a voluntary petition and have an adjudication thereon although an involuntary petition is then pending unless the estate would be prejudiced thereby. If preferences or other voidable transfers could not be set aside by reason of the expiration of the four months' limitation, involuntary petitions should be acted upon. In the absence of any showing that the rights of creditors would be better protected by an adjudication under the involuntary petition, the right of the debtor to be adjudicated under its voluntary petition cannot be denied. In the case at bar there is no question of preferences or voidable transfers because for over a year the estate of the debtor has been administered in bankruptcy.

■ The petitioners contend that as such they stand on a parity with the debtor under section 77B in the matter of formulating and presenting a plan of reorganization. In other words, that they have the statutory right to submit a plan of reorganization without first obtaining the approval of a certain percentage of the creditors and of the total indebtedness as provided in subdivision (d). This parity would place petitioning creditors in a favored class above other creditors. Such a purpose is nowhere indicated in the language of the amendment. In this connection it should be observed that the debtor's petition states that with its knowledge and consent steps have been taken to formulate and present a plan of reorganization by committees representing substantial interests. On the other hand, the creditors' petition contains no suggestion that they have taken any such steps. Their averments are limited to language aimed to meet the statutory requirements. The debtor used reasonable diligence to avail itself of section 77B. The surprising activity of the petitioning creditors should not yield them any legal advantage. This is not a matter of priority in filing. The real interest of the debtor and of all its creditors and stockholders is the crucial matter. I adopt the construction given section 77B by Judge Faris: "The Amendment under which this proceeding was brought was, in my opinion, primarily and largely intended for the benefit of those corporations who voluntarily might desire to take advantage of its provisions. Concededly, there are provisions which oftentimes would permit creditors to do this, exactly as here sought, or by a proceeding similar to this at bar. I am of opinion, however, that the latter proceeding should be countenanced only in most compelling cases. This for the reason that to permit any three creditors having the qualifications required by the Act, to come in and disrupt every struggling business, would soon result in a series of unseemly scrambles which would be disastrous to business, and wellnigh a disgrace to the courts." In re Laclede Gas Light Co. (U. S. D. C.).[1]

The motion of the petitioning creditors to vacate the order temporarily appointing trustees will be denied. The motion of the debtor to dismiss the creditors' petition will be granted. An order making permanent the appointment of trustees will be entered.

---

[1] Oral opinion not for publication.